372 F.3d 1318
 John w. SELLERS, Jr., Claimant-Appellant,
v.
Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent-Appellee.
Arthur A. Hayday, Jr., Claimant-Appellant,
v.
Anthony J. Principi, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 03-7070.
 No. 03-7071.
 United States Court of Appeals, Federal Circuit.
 June 21, 2004.
 
 Ronald L. Smith, Disabled American Veterans, of Washington, DC, argued for claimants-appellants.
 Michael Bahler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were David M. Cohen, Director and Michael F. Kiely, Trial Attorney. Of counsel was Robert E. Kirschman, Jr. and Kenneth D. Woodrow. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel; Martie S. Adelman, Staff Attorney and David J. Barrans Attorney, United States Department of Veterans Affairs, of Washington, DC.
 Before NEWMAN, SCHALL, and LINN, Circuit Judges.
 SCHALL, Circuit Judge.
 
 
 1
 In these consolidated cases, John W. Sellers, Jr. and Arthur A. Hayday, Jr. appeal the decisions of the United States Court of Appeals for Veterans Claims ("Veterans Court") sustaining the decisions of the Board of Veterans' Appeals ("Board") that they are not entitled to increased disability ratings for service-connected post traumatic stress disorder ("PTSD"). Sellers v. Principi, No. 00-2311, 18 Vet.App. 165 (Vet.App. Nov. 26, 2002) ("Veterans Court Opinion"); Hayday v. Principi, No. 00-2011, 18 Vet.App. 165 (Vet.App. Nov. 26, 2002).
 
 
 2
 Mr. Sellers is a veteran of the United States Army who served in Vietnam and who was diagnosed with service-connected PTSD. His condition was rated as 70 percent disabling, effective September 11, 1996. In February of 1999, he filed an application with the Department of Veterans Affairs ("VA") Regional Office ("RO") in Montgomery, Alabama, seeking increased compensation based on unemployability. The RO denied his claim for a disability rating greater than 70 percent, and the Board affirmed. In re Sellers, No. C 29233411 (B.V.A. Oct. 20, 2000) ("Board Opinion"). In sustaining the RO's decision, the Board relied on the "General Rating Formula for Mental Disorders" (hereinafter the "general rating formula") set forth in the VA's Schedule for Rating Disabilities, found at 38 C.F.R. § 4.130. See generally, 38 C.F.R. §§ 4.125-4.130 (2000).
 
 
 3
 The Veterans Court affirmed the Board's decision, rejecting Mr. Sellers' contention that the Board erred by considering the factors listed in the general rating formula. Veterans Court Opinion. In doing so, the court relied upon its previous decision in Mauerhan v. Principi, 16 Vet.App. 436 (2002). Mr. Sellers now appeals the Veterans Court's decision.
 
 
 4
 Mr. Hayday also is an Army veteran of the Vietnam war. Like Mr. Sellers, he was granted service connection for PTSD. After he was assigned a 30 percent rating, effective June 9, 1998, by the Houston, Texas RO, he appealed to the Board. The Board granted him an increased rating for PTSD of 50 percent. In denying him a rating greater than 50 percent, the Board determined that the criteria of 38 C.F.R. § 4.130 for an increased rating had not been met. In re Hayday, No. C 25275232 (B.V.A. June 22, 2000). Mr. Hayday appealed to the Veterans Court, making the same arguments as Mr. Sellers with respect to the general rating formula of section 4.130. The court, again relying on its Mauerhan precedent, affirmed the Board's rating decision denying Mr. Hayday's claim for a greater than 50 percent disability rating for his service-connected PTSD. Hayday. Mr. Hayday now appeals the Veterans Court's decision.
 
 
 5
 Because we agree with the Veterans Court's decision in Mauerhan, and because Mauerhan controls these cases, we affirm.
 
 BACKGROUND
 I.
 
 6
 Mr. Sellers served on active duty from December 1968 to June 1972. At the time of his discharge, his psychiatric condition was characterized as normal. In June 1997, Mr. Sellers requested a 100 percent disability rating for PTSD. He underwent a VA compensation and pension examination and, in a July 1997 rating decision, was initially granted service connection for PTSD that was 50 percent disabling. In a subsequent rating decision in November 1997, the RO continued the PTSD disability rating at 50 percent. Mr. Sellers appealed the November 1997 decision, and in August 1998, the Board reversed the RO's adjudication and issued a decision increasing the disability rating for PTSD to 70 percent.
 
 
 7
 In February 1999, Mr. Sellers filed an application for increased compensation based on unemployability. See 38 C.F.R. § 4.16.[1] After further medical evaluation, the RO continued Mr. Sellers' PTSD disability rating at 70 percent and denied his entitlement to individual unemployability under section 4.16. Mr. Sellers appealed this decision to the Board. In connection with his appeal, he submitted additional medical evidence in the form of a physician's statement supporting his claim for a total disability rating based on individual unemployability ("TDIU"). The VA's examining psychiatrist diagnosed Mr. Sellers with severe PTSD, noting that it affected "all aspects of his life, particularly involving interpersonal relationships and including being unable to maintain gainful employment." In June 2000, the RO issued a rating decision granting Mr. Sellers entitlement to TDIU, but denying a disability rating of greater than 70 percent for PTSD. Mr. Sellers appealed to the Board, which affirmed the RO's decision.
 
 
 8
 By statute, the Secretary has the authority to "adopt and apply a schedule of ratings of reductions in earning capacity from specific injuries or combination of injuries." 38 U.S.C. § 1155 (2000). Pursuant to that authority, the Secretary has adopted such a schedule of ratings for mental disorders. The schedule is embodied in the general rating formula set forth at 38 C.F.R. § 4.130. The Board began its analysis of Mr. Sellers' claim by noting that PTSD is a mental disorder and that the severity of PTSD is ascertained, for VA rating purposes, by application of the criteria set forth in the general rating formula of section 4.130. Board Opinion, slip op. at 3; see generally 38 C.F.R. §§ 4.125-4.130. Section 4.130 provides in part as follows:
 
 
 9
 Section 4.130 Schedule of ratings — mental disorders.
 
 
 10
 The nomenclature employed in this portion of the rating schedule is based upon the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, of the American Psychiatric Association (DSM-IV). Rating agencies must be thoroughly familiar with this manual to properly implement the directives in § 4.125 through § 4.129 and to apply the general rating formula for mental disorders in § 4.130. The schedule for rating mental disorders is set forth as follows:
 
 
 11
 * * *
 
 Anxiety Disorders
 
 12
 * * *
 
 9411 Post-traumatic stress disorder
 
 13
 * * *
 
 Chronic Adjustment Disorder
 9440 Chronic Adjustment Disorder
 
 14
 General Rating Formula for Mental Disorders:
 
 
 15
 Total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. 100%
 
 
 16
 Occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships. 70%
 
 
 17
 Occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships. 50% With the general rating formula before it, the Board reviewed the various reports of Mr. Sellers' VA medical examinations. Board Opinion, slip op. at 4-5. After considering the record, the Board determined that "a 70 percent evaluation most closely approximates the veteran's current disability level." Id. at 6.
 
 More specifically, the Board found that
 
 18
 the objective evidence of record does not show that he displays any of the symptoms suggestive of a 100 percent schedular evaluation, such as: gross impairment in thought processes or communication; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent ability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives; own occupation, or own name.
 
 
 19
 Id. (citing various symptoms from the general rating formula). The Board considered other factors as well, such as Mr. Sellers' ability to manage his financial affairs without any assistance. Id. The Board concluded that "[i]n brief, the totality of the evidence does not support a 100 percent schedular evaluation." Id. The Board thus affirmed the RO's rating decision. Id. Mr. Sellers timely appealed to the Veterans Court.
 
 II.
 
 20
 Before the Veterans Court, Mr. Sellers argued that in 38 C.F.R. § 4.130 the VA adopted the definition of PTSD contained in the DSM-IV.[2] From that, he contended that in relying on the factors listed in the general rating formula in his case, the Board erred in interpreting the regulation. Veterans Court Opinion, slip op. at 3. In other words, according to Mr. Sellers, because the symptoms listed in the general rating formula are not found in the DSM-IV description of PTSD, the general rating formula should not be applied to PTSD claims. Citing 38 C.F.R. § 4.130 — "[t]he nomenclature employed in this portion of the rating schedule is based upon the [DSM-IV]" — Mr. Sellers argued that the regulation requires that the VA look to the DSM-IV to properly determine whether a veteran has total occupational and social impairment that results from his or her service-connected disability. According to Mr. Sellers, the regulation requires that the VA consider the symptoms of PTSD contained in the DSM-IV and make a finding of fact as to whether a veteran suffers total occupational and social impairment as a consequence of the severity of his or her symptoms.
 
 
 21
 The Veterans Court rejected Mr. Sellers' argument based on its decision in Mauerhan. Following its Mauerhan precedent, the court held that "the symptoms listed in the DSM-IV do not replace, but rather supplement, the criteria listed in [the general rating formula] as the basis for rating PTSD claims." Id. The court further held that "the Board is not required `to find the presence of all, most, or even some, of the enumerated symptoms' in [the general rating formula] in order to justify a particular rating." Id. (citing Mauerhan, 16 Vet.App. at 442.). The Veterans Court concluded that "[w]hile the Board is not restricted to considering only those symptoms listed in [the general rating formula] and may consider those identified in the DSM-IV, the criteria listed in [the general rating formula] are ... the rating formula adopted by the Secretary in rating PTSD claims." Id. at 3-4. The court thus affirmed the Board's decision in Mr. Sellers' case.
 
 III.
 
 22
 As noted above, Mr. Hayday also is an Army veteran of the Vietnam War who suffers from PTSD. He timely appealed to the Veterans Court from the decision of the Board that denied him a rating in excess of 50 percent under 38 C.F.R. § 4.130 for his PTSD. The Veterans Court affirmed the Board's decision, rejecting arguments similar to those made by Mr. Sellers and relying on its Mauerhan decision. Hayday.
 
 
 23
 Both Mr. Hayday and Mr. Sellers (collectively, "appellants") appealed separately to this court. Because the two cases present similar facts and concern identical legal issues, they were consolidated.
 
 ANALYSIS
 I.
 
 24
 The Veterans Court asserted jurisdiction over appellants' appeals pursuant to 38 U.S.C. § 7252(a). That statute provides that the Veterans Court "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a) (2000). Section 7252(b) further provides that the Veterans Court "may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule." Id. § 7252(b).
 
 
 25
 Our jurisdiction to review decisions of the Veterans Court is limited by statute. Id. § 7292 (2000); Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). We have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [§ 7292], and to interpret constitutional and statutory provisions to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Our authority extends to deciding all relevant questions of law, and we must set aside a regulation or an interpretation of a regulation relied upon by the Veterans Court when we find it to be "(A) arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." Id. § 7292(d)(1). We may not review factual determinations or the application of law or regulation to a particular set of facts, unless a constitutional issue is presented. Id. § 7292(d)(2).
 
 
 26
 No factual issues are presented in this case. Rather, appellants challenge the Veterans Court's interpretation of 38 C.F.R. § 4.130 with respect to the relationship between the DSM-IV and the general rating formula. The government makes two arguments. First, it contends that appellants' arguments represent a veiled attack on the substance of the ratings schedule — a matter beyond the jurisdiction of both the Veterans Court and this court. In the alternative, the government urges that the Veterans Court made no error in interpreting 38 C.F.R. § 4.130. We address the jurisdictional argument first.
 
 II.
 
 27
 The government argues that, by asserting that the VA should not look to the symptoms delineated in the general rating formula, but rather to the symptoms of PTSD in the DSM-IV, when rating a PTSD disability under 38 C.F.R. § 4.130, appellants are, in effect, challenging the substance of the rating schedule for mental disorders. According to the government, the statutory scheme makes it clear that Congress intended to preclude judicial review of all issues pertaining to the content of the VA Schedule for Rating Disabilities, except insofar as constitutional issues are concerned. On this ground, the government challenges the jurisdiction of both the Veterans Court and this court to hear this matter.
 
 
 28
 Appellants respond that 38 C.F.R. § 4.130 expressly adopts the definition of PTSD contained in the DSM-IV. For this reason, they argue, the regulation requires that the VA consider symptoms of PTSD contained in the DSM-IV and make findings of fact as to whether a veteran suffered increased occupational and social impairment as a consequence of the severity of those symptoms. On that basis, appellants argue that their case presents an issue of the correct interpretation of section 4.130, a matter within the jurisdiction of the Veterans Court and this court.
 
 
 29
 We agree with appellants that the Veterans Court properly exercised jurisdiction in these cases and that we have jurisdiction over appellants' appeals. The government is certainly correct that neither we nor the Veterans Court may review the content of the ratings schedule at issue here. Appellants are not asking us to do that, however. Rather, they argue that
 
 
 30
 According to the plain language of 38 C.F.R. § 4.130, the only criteria for a total disability rating for any disability rated in accordance with the VA General Rating Formula for Mental Disorders are total occupational and social impairment. All that follows the phrase "due to such symptoms as," are merely representative examples. VA specifically recognized that the symptoms listed in the regulation were only examples and therefore not intended to be treated as rating criteria when it adopted § 4.130. The denial of a total disability rating for PTSD solely on the ground that the veteran fails to exhibit any of the example symptoms and without making a determination of whether actual PTSD symptoms result in total occupational and social impairment violates the plain language of § 4.130.
 
 
 31
 This argument goes not to the content of the rating criteria, but rather to the correct interpretation of section 4.130, specifically the relationship between the DSM-IV and the general rating formula. Appellants are contending that the Veterans Court erred in interpreting section 4.130 because, in sustaining the decision of the Board, it gave improper weight to the "merely representative examples" in the general rating formula as opposed to the symptoms listed in the DSM-IV. In short, appellants claim that the Veterans Court and the Board misread the regulation. Appellants are challenging the VA's interpretation of a regulation. The Veterans Court, therefore, had jurisdiction under 38 U.S.C. § 7252(a), and we have jurisdiction pursuant to 38 U.S.C. § 7292(a).
 
 III.
 
 32
 Turning to the merits, as just seen, appellants argue that the Board erred in its interpretation of section 4.130 because it failed to consider any of the symptoms of PTSD identified in the DSM-IV. According to appellants, the only symptoms of PTSD recognized by the VA are those contained in the DSM-IV. In addition, appellants contend that the manifestations of PTSD set forth in the general rating formula are neither rating criteria nor symptoms of PTSD. Accordingly, appellants assert that we "should find it impossible to read § 4.130 as providing that a veteran service connected for PTSD will be denied a total disability rating because he does not have symptoms completely unrelated to PTSD [i.e., those listed in section 4.130] and without the least consideration of the symptoms of that disability officially recognized by the VA [i.e., those listed in DSM-IV]." Put differently, appellants assert that a veteran who suffers "total occupational and social impairment" is entitled to a 100 percent disability rating, irrespective of whether he or she has any of the symptoms listed as examples in the general rating formula.
 
 
 33
 The government responds that the Veterans Court's interpretation of the general rating formula is consistent with the plain language of the regulation. It asserts that the court correctly recognized that factors other than those listed in section 4.130 may be considered in rating a veteran's disability. Therefore, the government contends, "Mr. Sellers' argument is based on the false premise that the [Veterans Court] interpreted section 4.130 as permitting denial of a 100 percent rating if the claimant does not have the specific symptoms listed in the regulation." The government further contends that the Veterans Court's decision in Mauerhan was correctly decided and should control this case.
 
 A.
 
 34
 We begin with the decision of the Veterans Court in Mauerhan. In Mauerhan, the RO awarded veteran Albert Mauerhan service connection for PTSD and assigned him a 30 percent disability rating. 16 Vet.App. at 439. Mauerhan filed a Notice of Disagreement seeking an increased rating. Id. The RO denied the request and continued the 30 percent disability rating. Id. Mauerhan appealed to the Board. After examining the criteria pertaining to 30 and 50 percent ratings in the general rating formula of 38 C.F.R. § 4.130, as well as the results from Mauerhan's medical examinations, the Board concluded that the "evidence does not demonstrate that the veteran's PTSD warrants more than a 30 percent disability evaluation under the applicable schedular criteria." Id. at 440.
 
 
 35
 On appeal to the Veterans Court, Mauerhan argued that the Board had erred by treating the factors specified in the general rating formula as requirements for a particular rating, rather than as examples of conditions that would warrant a specific rating assignment. Id. Mauerhan contended that the Board should have based his disability rating on the specific effects of the PTSD symptoms set forth in the DSM-IV, and the degree to which those symptoms affected his occupational and social orientation. Id. Mauerhan pointed out that many of the symptoms listed in the general rating formula of section 4.130 are not stated in the DSM-IV as being associated with PTSD and, as a result, do not apply to PTSD claims. Id. Mauerhan contended that the Board's failure to use the DSM-IV was arbitrary and capricious, an abuse of discretion, and contrary to law. Id.
 
 
 36
 Addressing Mauerhan's arguments, the Veterans Court first reviewed the procedure by which a veteran is assigned a disability rating. Once service-connection has been established for a particular disease or disorder, the VA has the responsibility of assigning the veteran an appropriate disability rating. See 38 U.S.C. § 1155. The VA assigns disability ratings by referring to the schedule of ratings adopted by the Secretary pursuant to section 1155. The ratings schedule reflects a reduction in earning capacity for the specific injury or disability and, said the Veterans Court, is "based, as far as practicable, upon the average impairments of earning capacity, in civil occupations, resulting from such injuries." Mauerhan, 16 Vet.App. at 440 (citing 38 U.S.C. § 1155).
 
 
 37
 For mental disorders, the implementing regulations include 38 C.F.R. §§ 4.125-4.130. According to 38 C.F.R. § 4.126, the VA is required to consider a number of pertinent factors, such as the frequency, severity, and duration of the veteran's psychiatric symptoms. When there is a question as to which of two evaluations apply, the Board will assign a higher rating if the veteran's disability more closely resembles the criteria for the higher rating; otherwise, the lower rating will be assigned. Mauerhan, 16 Vet.App. at 441 (citing 38 C.F.R. § 4.7).
 
 
 38
 After reviewing the statutory authority and the procedure by which a disability rating is assigned, the Veterans Court turned to the language of section 4.130. Id. ("In construing a statute or regulation, we commence by inspecting its language to ascertain its plain meaning.") (citing Glover v. West, 185 F.3d 1328, 1332 (Fed.Cir.1999)). As seen above, section 4.130 states, "The nomenclature employed in this portion of the rating schedule is based upon the [DSM-IV]. Rating agencies must be thoroughly familiar with this manual to ... apply the general rating formula for mental disorders in § 4.130." The Veterans Court noted that section 4.130 "then lists diagnostic codes for more than 30 mental disorders and sets forth one `general rating formula' to be used in rating all the listed disorders." Mauerhan, 16 Vet.App. at 441-42 (emphases in original). According to the Veterans Court, "[a]lthough § 4.130 makes clear that an understanding of the DSM-IV is essential for properly applying the rating formula, nowhere does it state that consideration of the DSM-IV in any way relieves VA from fully considering the specific rating criteria outlined in 38 C.F.R. § 4.130 when rating the severity of a claimant's disorder." Id. at 442. The Veterans Court thus rejected Mauerhan's contention that the VA should have based his disability rating on the specific effects of the PTSD symptoms set forth in the DSM-IV. It therefore affirmed the decision of the Board.
 
 
 39
 In sum, the Veterans Court concluded in Mauerhan that while the Board is not restricted to considering only those symptoms listed in the general rating formula and may consider those identified in the DSM-IV, the criteria listed in the general rating formula are the rating criteria adopted by the Secretary in rating PTSD claims. The Veterans Court held that the symptoms listed in the DSM-IV do not replace, but rather supplement, the criteria listed in the general rating formula as the basis for rating PTSD claims. Id.
 
 B.
 
 40
 We agree with the decision of the Veterans Court in Mauerhan. As already seen, section 4.130 states that "[t]he nomenclature employed in [the portion of the rating schedule relating to mental disorders] is based on the [DSM-IV]." The DSM-IV is primarily a classification of mental disorders. It is designed to be a "helpful guide to clinical practice," while also "facilitat[ing] research and improv[ing] communication among clinicians and researchers." Id. The DSM-IV contains specific classification and diagnostic criteria for a variety of mental disorders.[3] Referring to the DSM-IV, section 4.130 states that "[r]ating agencies must be thoroughly familiar with this manual to ... apply the general rating formula for mental disorders in § 4.130." The regulation then provides, "The schedule for rating mental disorders is set forth as follows." The general rating formula is part of the schedule that "follows." Thus, as far as the DSM-IV is concerned, section 4.130 simply states that the manual provides nomenclature and must be understood when implementing the schedule for rating mental disorders. There is nothing in the plain language of the regulation that supports the argument appellants make — that was rejected in Mauerhan — that, in rating a mental disorder, the VA must be bound by the symptoms set forth in the DSM-IV.
 
 
 41
 The present version of section 4.130 was adopted in October 1996. 61 Fed.Reg. 52,700 (Oct. 8, 1996). In its comments in the Federal Register with respect to the regulation, the VA stated that the "DSM-IV is the basis for diagnosing and classifying mental disorders in the United States." Id. at 52,695 (emphasis added). In other words, the DSM-IV is not directed to assigning disability ratings for mental disorders, such as PTSD. See generally DSM-IV § 309.81. That task is accomplished in the general rating formula of section 4.130.
 
 
 42
 In sum, we conclude that the Veterans Court did not err in its interpretation of section 4.130 that "the symptoms listed in the DSM-IV do not replace, but rather supplement, the criteria listed in [the general rating formula] as the basis for rating PTSD claims." Veterans Court Opinion, slip op. at 3. We agree with the Veterans Court that under the regulation "[w]hile the Board is not restricted to considering only those symptoms listed in [the general rating formula] and may consider those identified in the DSM-IV, the criteria listed in the [general rating formula] are ... the rating formula adopted by the Secretary in rating PTSD claims." Id. at 3-4. We thus hold that the Veterans Court's interpretation of 38 C.F.R. § 4.130 is correct as a matter of law.
 
 CONCLUSION
 
 43
 For the foregoing reasons, the decisions of the Veterans Court in Mr. Sellers' and Mr. Hayday's appeals are affirmed.
 
 COSTS
 
 44
 No costs.
 
 
 45
 
 AFFIRMED.
 
 
 
 
 Notes:
 
 
 [1]
 Section 4.16 allows for total disability ratings for compensation to be assigned in certain circumstances "where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." 38 C.F.R. § 4.16
 
 
 [2]
 The DSM-IV describes PTSD as a mental disorder characterized by the "development of characteristic symptoms following exposure to an extreme traumatic stressor involving direct personal experience of an event that involves actual or threatened death or serious injury, or other threat to one's physical integrity."DSM-IV § 309.81 at 424 (4th ed.1994).
 
 
 [3]
 According to the DSM-IV, a person with PTSD may persistently reexperience the traumatic event in a number of ways, such as through distressing dreams; acting or feeling as if the traumatic event were recurring; or through intense psychological or physiological distress at exposure to internal or external cues that symbolize or resemble an aspect of the traumatic eventDSM-IV § 309.81 at 427-29. Additionally, a person with PTSD may persistently avoid stimuli associated with the trauma, as indicated by efforts to avoid thoughts, feelings, or conversations associated with the trauma; efforts to avoid activities, places, or people that arouse recollections of the trauma; or by an inability to recall an important aspect of the trauma. Id. A person with PTSD may also have persistent symptoms of increased arousal, such as difficulty falling asleep or staying asleep; irritability or outbursts of anger; difficulty concentrating; hypervigilance; or an exaggerated startle response. Id.
 LINN, Circuit Judge, dissenting.
 I must respectfully dissent from the majority opinion. Because Appellants John W. Sellers, Jr. and Arthur A. Hayday, Jr. (collectively "Appellants") appeal the substance of the veterans disability ratings schedule, I would vacate the judgment of the Court of Appeals of Veterans Claims ("Veterans Court") and remand with instructions to dismiss Appellants' actions for lack of jurisdiction.
 The question of the subject matter jurisdiction of the Veterans Court may be raised at any time. Newport News Shipbuilding & Dry Dock Co. v. Garrett, 6 F.3d 1547, 1553 (Fed.Cir.1993). The Veterans Court has exclusive jurisdiction to review appeals from the Board of Veterans Appeals. 38 U.S.C. § 7252(a) (2000). However, the Veterans Court "may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule." Id. § 7252(b). This court has interpreted § 7252(b) to place the substance of the schedule of ratings outside the jurisdiction of the Veterans Court. Fugere v. Derwinski, 972 F.2d 331, 335 (Fed.Cir.1992). This exclusion is based on the conclusion that "[t]he Court of Veterans Appeals may not second guess the Secretary as to what the schedule [of ratings] should contain." Id.
 Although this Court has jurisdiction to review decisions of the Veterans Court "on a rule of law or of any statute or regulation ... or any interpretation thereof," we lack jurisdiction to consider a refusal by the Veterans Court "to review the schedule of ratings for disabilities adopted under section 1155 of this title." 38 U.S.C.A. § 7292(a) (West Supp.2003).
 Section 4.130, 38 C.F.R., entitled "Schedule of Ratings — mental disorders," states in relevant part:
 The nomenclature employed in this portion of the rating schedule is based upon the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, of the American Psychiatric Association (DSM-IV). Rating agencies must be thoroughly familiar with this manual to properly implement the directives in § 4.125 through § 4.129 and to apply the general rating formula for mental disorders in § 4.130. The schedule for rating for mental disorders is set forth as follows....
 The regulation then provides tables of various mental disorders and a "General Rating Formula for Mental Disorders" which enumerates various categories with corresponding percentage ratings. For example, the 70% disability category provides:
 Occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships.
 Appellants first argue that the plain language of 38 C.F.R. § 4.130 requires that determinations of 70% entitlement be made only on the basis of "[o]ccupational and social impairment, with deficiencies in most areas" and not on the basis of the exemplary symptoms following "such as." Appellants challenge the examples following "such as" and contend that they are neither rating criteria nor symptoms of post-traumatic stress disorder ("PTSD") included in the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV"). They assert that the Board erred by considering the examples following "such as" in § 4.130 and argue that the Board instead should have considered exclusively the symptoms of PTSD identified in the DSM-IV.
 The majority characterizes Appellants' argument as directed to the "interpretation of section 4.130, specifically the relationship between the DSM-IV and the general rating formula." Ante at 1324. However, Appellants are not challenging an interpretation of § 4.130. What they dispute is the substance of the ratings schedule. This was made clear in both of the Appellants' briefs: "The only symptoms of PTSD recognized by VA are those contained in the DSM-IV.... The representative examples listed in § 4.130 are neither rating criteria nor symptoms of PTSD." Sellers Br. at 15; see also Hayday Br. at 12-13 ("The only PTSD symptoms VA recognizes are those contained in the DSM-IV.... The representative examples listed in § 4.130 are not rating criteria and only two are symptoms of PTSD.").
 Appellants also argue that an interpretation of § 4.130 that allows a rating decision based on examples not included in the DSM-IV is arbitrary because the DSM-IV contains the only appropriate list of symptoms, citing Mauerhan v. Principi, 16 Vet.App. 436 (2002). This case is distinguishable from Mauerhan, where the Veterans Court required that rating specialists "consider all symptoms of a claimant's condition that affect the level of occupational and social impairment, including, if applicable, those identified in the DSM-IV." Id. at 443. Appellants here do not ask that § 4.130 be interpreted to include both the impairment examples explicitly listed in the rating schedule and the symptoms of PTSD listed in the DSM-IV. Rather, Appellants seek to replace the impairment examples in the rating schedule with the symptoms of PTSD listed in the DSM-IV. At the core of their arguments, Appellants question the content of the ratings schedule and seek to change the substance of the disability ratings schedule relating to PTSD and to substitute the symptoms of PTSD in the DSM-IV for the impairment examples following "such as" listed in the rating schedule.
 The Government contends that Appellants' arguments challenge not the interpretation of the rule but the content of the ratings schedule. Thus, the Government asserts that these appeals are outside the jurisdiction of the Veterans Court and hence also beyond our jurisdiction. I agree. In my opinion, Appellants are asking the Court essentially to reform the schedule of disability ratings contained in § 4.130 for PTSD disabilities either by substituting symptoms of PTSD identified in the DSM-IV for the current examples contained in the regulation or by requiring that the listed examples be ignored in favor of the DSM-IV criteria. Because the Veterans Court lacks jurisdiction to review the substance of the schedule of ratings, we have no jurisdiction to entertain this argument.
 Because both this Court and the Veterans Court lack jurisdiction to consider the content of the disability ratings schedule, I respectfully dissent and would remand this case to the Veterans Court with instructions to dismiss for lack of jurisdiction.