Citation Nr: 1522706 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 11-16 286 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a rating in excess of 70 percent for posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and spouse


ATTORNEY FOR THE BOARD

R. Erdheim, Counsel 

INTRODUCTION

The Veteran served on active duty from August 1963 to August 1965 and from October 1965 to June 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision by the St. Petersburg, Florida, Regional Office (RO) of the United States Department of Veterans Affairs (VA), that denied an increased rating for PTSD. In March 2015, the Veteran testified before the Board at a hearing held at the RO.


FINDING OF FACT

Throughout the pendency of the appeal, the Veteran's PTSD has been manifested by occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.


CONCLUSION OF LAW

The criteria for a rating in excess of 70 percent rating for PTSD have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 4.7, 4.124(a), 4.130, Diagnostic Code 9411 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). This appeal arises from a May 2010 rating decision. The Veteran was notified as to the elements necessary to substantiate his claim following that rating decision, in July 2013. However, the claim was then readjudicated in August 2014. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); See Mayfield. 

The duty to assist has also been met. The Veteran's service treatment records, post-service VA treatment records, Social Security Administration disability records, and VA examination reports dated in March 2008 and April 2010 are of record. The Veteran has not identified any additional, outstanding records necessary to decide his pending appeal. Although he stated at his hearing that he was to be scheduled for a new VA examination in April 2015, a review of his VBMS and Virtual VA claims file are negative for a record of such examination, and there is no other indication that the Veteran indeed underwent a VA examination in April 2015. At his hearing, the Veteran's representative indicated that although the Veteran was scheduled for the April 2015 examination, he felt that a recent statement from his treating physician adequately addressed the current severity of his PTSD. Taking into account the above, the Board finds that remand is not necessary in this instance because the evidence does not indicate that the record is incomplete. Moreover, the Veteran did not provide evidence at his hearing, or in the documents of record, that he now suffers from PTSD symptoms contemplated by the next higher 100 percent rating or symptoms or similar severity and frequency, such that a new VA examination would be necessary in this instance. 

II. Analysis

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The rating schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise the lower rating will be assigned. 38 C.F.R. § 4.7. 

Where the evidence contains factual findings that demonstrate distinct time periods in which the service-connected disability exhibits symptoms that would warrant different evaluations during the course of the appeal, the assignment of staged ratings is appropriate. Hart v. Mansfield, 21 Vet. App. 505 (2007).

The Veteran's PTSD is currently rated as 70 percent disabling throughout the appeal period.

Under the criteria pertaining to PTSD, a 100 percent rating is warranted if there is total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; gross inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation or own name. 

A 70 percent rating is warranted when there is occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships. 38 U.S.C.A. § 4.130 DC 9411.

When determining the appropriate disability evaluation to assign, the Board's primary consideration is a veteran's symptoms, but it must also make findings as to how those symptoms impact a veteran's occupational and social impairment. Vazquez-Claudio v. Shinseki, 713 F.3d 112 (Fed. Cir. 2013); Mauerhan v. Principi, 16 Vet. App. 436 (2002). Because the use of the term "such as" in the rating criteria demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, the Board need not find the presence of all, most, or even some, of the enumerated symptoms to award a specific rating. Id. at 442; see also Sellers v. Principi, 372 F.3d 1318 (Fed. Cir. 2004). Nevertheless, all ratings in the general rating formula are also associated with objectively observable symptomatology and the plain language of the regulation makes it clear that the veteran's impairment must be "due to" those symptoms, a veteran may only qualify for a given disability rating by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration. Vazquez-Claudio, 713 F.3d at 118. 

Psychiatric examinations frequently include assignment of a Global Assessment of Functioning (GAF) score, which is defined by DSM-IV as number between zero and 100 percent, that represents the psychological, social, and occupational functioning of an individual on a hypothetical continuum of mental health illness. Higher scores correspond to better functioning of the individual. The GAF score and the interpretations of the score are important considerations in rating a psychiatric disability. See, e.g., Richard v. Brown, 9 Vet. App. 266, 267 (1996); Carpenter v. Brown, 8 Vet. App. 240 (1995). However, the GAF scores assigned in a case, like an examiner's assessment of the severity of a condition, are not dispositive of the rating issue; rather, the GAF score must be considered in light of the actual symptoms of the Veteran's disorder, which provide the primary basis for the rating assigned. See 38 C.F.R. § 4.126(a).

A GAF score of 41 to 50 is defined as denoting serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifter) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). See Carpenter, 8 Vet. App. at 242-244. GAF scores are generally used in examinations reports regarding veterans' psychiatric disabilities. 

In this case, after reviewing the evidence of record, the Board finds that an increased rating is not warranted during the appeal period. At no time has there been any finding that the Veteran has suffered from gross impairment in thought processes or communication, persistent delusions or hallucinations, gross inappropriate behavior, persistent danger of hurting self or others, intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene), disorientation to time or place, or memory loss for names of close relatives, own occupation or own name. Moreover, he has not been found to suffer from total social or occupational impairment. Specifically, none of the above symptoms were found on either the 2008 or 2010 VA examination. Rather, the Veteran was intact in all spheres, his thought process and content were within normal limits, he denied suffering from delusions or hallucinations, he was able to complete activities of daily living on his own, he displayed some, mild memory loss, and was not considered to be a danger to himself or others. 

The Board has also taken into consideration the statements submitted by the Veteran's treating physicians. In these statements, it is opined that the Veteran was totally and permanently unemployable. The Board notes that the Veteran has already been assigned a TDIU that spans the appeal period. A review of these statements, however, does not support a finding that the Veteran suffered from the symptoms contemplated by the higher 100 percent rating for PTSD. While they do document the Veteran's current symptoms supporting the assignment of a TDIU, such as frequent intrusive thoughts, difficulty falling asleep, hypervigilence, combat-related nightmares, a sense of foreshortened future, and severe irritability and danger of harming himself or others if in the workplace, they, again, do not document the symptoms noted in the higher 100 percent rating or other symptoms of similar severity, frequency, and duration. Rather, such symptoms, to include GAF scores ranging from 40 to 46, are accounted for by the current 70 percent rating, which contemplates such symptoms as impaired impulse control, difficulty in adapting to stressful circumstances, including work, and an inability to establish and maintain effective relationships.

At his March 2015 hearing before the Board, the Veteran reiterated his severe trouble falling and staying asleep, his tendency to isolate himself, impaired impulse control. The Board notes that while the Veteran stated that he felt that his symptoms were progressing, the symptoms he described mirrored those described on the previous VA examinations and by his treating physician. He did not identify any new symptoms to suggest that severity his PTSD more closely approximates the criteria of the higher 100 percent rating. Significantly, the evidence, to include medical statements dated most recently in July 2014, do not support the assignment of a higher rating for PTSD. Thus, the claim for increased rating must be denied. 

III. Other Considerations

An extra-schedular disability rating is warranted if the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that application of the regular schedular standards would be impracticable. 38 C.F.R. § 3.321(b)(1). The discussion above reflects that the rating criteria reasonably describes and contemplates the severity and symptomatology of the Veteran's service-connected disability.

The Board has carefully compared the level of severity and symptomatology of the Veteran's service-connected PTSD with the established criteria found in the rating schedule. The discussion above reflects that the symptoms of the Veteran's PTSD as it is contemplated by the applicable rating criteria. The competent medical evidence of record shows that the Veteran's PTSD has not resulted in total social and occupational impairment. There is a higher rating available under the diagnostic code for PTSD, but the Veteran's PTSD is not productive of the manifestations that would warrant the higher rating. The Veteran's disability is manifested by impairment in social and occupational functioning and the rating criteria contemplate these impairments. The effects of the Veteran's disability has been fully considered and are contemplated in the rating schedule. Consideration of whether the Veteran's disability picture exhibits other related factors such as those provided by the regulations as "governing norms" is not required and referral for an extra-schedular rating is unnecessary. Thun v. Peake, 22 Vet. App. 111 (2008). 

Because the preponderance of the evidence is against the claim at any time during the pendency of the appeal, the claim must be denied. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Hart, 21 Vet. App. at 505. 


ORDER

A rating in excess of 70 percent for PTSD is denied.




____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs