Citation Nr: 1550150 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 13-35 145 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to an initial rating in excess of 70 percent for posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Oklahoma Department of Veterans Affairs


ATTORNEY FOR THE BOARD

M. Riley, Counsel 






INTRODUCTION

The Veteran served on active duty from October 2007 to January 2009 and from June 2009 to September 2009. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a June 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma, which, in pertinent part, granted service connection for PTSD and assigned an initial 70 percent evaluation effective April 10, 2012. 

In June 2015 the Board remanded the case for further action by the originating agency. The case has now returned to the Board for further appellate action.


FINDING OF FACT

The Veteran's PTSD most nearly approximates deficiencies in most areas of work, school, family relationships, thinking, judgment, and mood without total occupational and social impairment.


CONCLUSION OF LAW

The criteria for an initial rating in excess of 70 percent for PTSD are not met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 4.7, 4.130, Diagnostic Code 9411 (2015).






REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection for PTSD was granted in the June 2013 rating decision on appeal. An initial 70 percent evaluation was assigned effective April 10, 2012. The Veteran contends that an increased rating is warranted as his PTSD affects all aspects of his life and causes total occupational and social impairment. 

Disability evaluations are determined by comparing a Veteran's present symptomatology with criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3.

The Veteran's entire history is reviewed when making disability ratings. See generally 38 C.F.R. 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). Where entitlement to compensation already has been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). However, where, as here, the question for consideration is the propriety of the initial disability rating assigned, evaluation of the medical evidence since the grant of service connection and consideration of the appropriateness of "staged rating" is required. See Fenderson v. West, 12 Vet. App. 119 (1999).

When evaluating a mental disorder, the rating agency shall consider the frequency, severity, and duration of psychiatric symptoms, the length of remissions, and the veteran's capacity for adjustment during periods of remission. The rating agency shall assign an evaluation based on all the evidence of record that bears on occupational and social impairment rather than solely on the examiner's assessment of the level of disability at the moment of the examination. 38 C.F.R. § 4.126(a).
VA will also consider the extent of social impairment, but shall not assign an evaluation solely on the basis of social impairment. 38 C.F.R. § 4.126(b).

The Veteran's PTSD is currently evaluated as 70 percent disabling under Diagnostic Code 9411, in accordance with the General Rating Formula for Mental Disorders. See 38 C.F.R. § 4.130. Under the general rating formula, a 70 percent evaluation is warranted for PTSD if the Veteran exhibits: occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine actives; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships. 38 C.F.R. § 4.130, Diagnostic Code 9411.

A maximum 100 percent evaluation is warranted for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

After review of the evidence, the Board finds that an initial rating in excess of 70 percent is not warranted for the Veteran's PTSD. The disability manifests symptoms such as irritability, a depressed mood, intrusive memories, sleep disturbance with nightmares, hypervigilance, panic attacks and suicidal ideation without plan or intent. His thought processes and ability to communicate were intact throughout the claims period and he attended regular individual and group therapy at the Fort Smith Community-Based Outpatient Clinic (CBOC). The Veteran was hospitalized at the Muskogee VA Medical Center (VAMC) for a week in June 2013 due to a dissociative episode and threat of suicide, but has not otherwise posed a threat to himself or others. Treatment records show occasional thoughts of suicide without intent or plan and the August 2015 VA contract examiner found that the Veteran did not manifest an increased or imminent risk of suicide. It therefore clear that he does not have a persistent danger of hurting himself or others. Additionally, both the October 2013 and August 2015 VA contract examiners specifically found that the Veteran's PTSD most nearly approximated the criteria associated with the current 70 percent disabling rating. In short, The Veteran has not manifested any of the symptoms associated with a total schedular rating, or others of similar severity, frequency, and duration. Vazquez-Claudio v. Shinseki, 713 F.3d 112(Fed. Cir. 2013). 

A total rating is warranted if the Veteran's service-connected PTSD causes total occupational and social impairment, regardless of whether he has some, all, or none of the symptoms listed in the rating formula, and regardless of whether his symptoms are listed in the Rating Schedule. See Mauerhan v. Principi, 16 Vet. App. 436 (2002); see also Sellers v. Principi, 372 F.3d 1318, 1326 (Fed. Cir. 2004). While it is clear that the Veteran's service-connected psychiatric disorder has resulted in severe occupational and social impairment, the Board concludes that the impairment in this case does not approximate total. 

With respect to occupational impairment, the Veteran worked as a full-time factory worker on a rotational (i.e. changing) shift schedule until August 2012. At that time, he was placed on short term disability while his supervisor attempted to move him to a fixed work schedule. Treatment records indicate that the Veteran returned to rotating shift work in January 2013 which caused problems with his symptoms and sleep. By March 2013, he was receiving long term disability and was no longer working. Although the Veteran stopped working in March 2013, the Board cannot conclude that he experiences total occupational impairment; his PTSD symptoms appear to have been exacerbated by a rotational work schedule which included nights, but there is no evidence establishing that the Veteran would be totally incapable of working a more traditional work schedule. The August 2015 VA contract examiner also found that the Veteran stopped working in 2013 because of the rotational schedule. Thus, while the Veteran clearly experiences severe occupational impairment due to PTSD, the impairment does not most nearly approximate total. 

The Veteran also does not manifest total social impairment. He has remained married throughout the claims period and consistently reports that he is close with his family and they are supportive of his treatment and therapy. The October 2013 and August 2015 VA contract examiners both observed that the Veteran attends church regularly and he reported having some friends at group therapy. The Veteran isolates himself from others and does not like going out into social or crowded situations, but it is clear that he does not manifest total social impairment. 

The Veteran's Global Assessment of Functioning (GAF) scores have also established the presence of severe psychiatric symptoms without total impairment. According to the Fourth Edition of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (adopted by VA at 38 C.F.R. §§ 4.125 and 4.126 (2015)), a GAF is a scale reflecting the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Throughout the claims period, the Veteran's GAF scores have ranged from 48-65, consistent with serious to mild symptoms; these scores do not support a finding of total social and occupational impairment. 

In conclusion, the preponderance of the evidence is against a finding that the severity of the Veteran's symptoms is contemplated by a 100 percent rating. It is also clear that the Veteran has not manifested total occupational and social impairment at any time during the claims period. 38 C.F.R. §§ 4.7, 4.21. The Board has considered the doctrine of reasonable doubt but has determined that it is not applicable because the preponderance of the evidence is against the claim for an increased schedular rating. 38 U.S.C.A. § 5107(b); 38 C.F.R. §§ 4.7, 4.21.

In exceptional cases an extraschedular rating may be provided. 38 C.F.R. § 3.321. The record does not establish that the rating criteria are inadequate for rating the Veteran's PTSD. The Veteran's disability manifests symptoms such as sleep impairment, depression, flashbacks, suicidal ideation without intent or plan, and severe social and occupational impairment. These manifestations are contemplated in the rating criteria and the rating criteria are therefore adequate to evaluate the Veteran's disability. As the Veteran's condition is contemplated by the rating criteria, a referral for consideration of an extraschedular rating is not warranted. The record also does not demonstrate an exceptional circumstance where the evaluation of the condition fails to capture all the symptoms of the service-connected disability. Thun v. Peake, 22 Vet. App. 111 (2008). 


Duties to Notify and Assist

VA has certain duties to notify and assist a veteran in the substantiation of a claim. VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) and that the claimant is expected to provide. Pelegrini v. Principi (Pelegrini II), 18 Vet. App. 112, 120-21 (2004), see 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b).

The Veteran has initiated an appeal regarding the initial rating assigned following an award of service connection. The claim for service connection for the disability on appeal is now substantiated and the filing of a notice of disagreement (NOD) as to the June 2013 rating decision does not trigger additional notice obligations under 38 U.S.C.A. § 5103(a). See 38 C.F.R. § 3.159(b)(3) (2015). Rather, the Veteran's appeal as to the initial disability evaluation triggers VA's statutory duties under 38 U.S.C.A. §§ 5104 and 7105, as well as regulatory duties under 38 C.F.R. § 3.103. 

Under 38 U.S.C.A. § 7105(d), upon receipt of a NOD in response to a decision on a claim, the agency of original jurisdiction (AOJ) must take development or review action it deems proper under applicable regulations and issue a statement of the case (SOC) if the action does not resolve the disagreement either by grant of the benefits sought or withdrawal of the NOD. However, section 5103(a) does not require VA to provide notice of the information and evidence necessary to substantiate the newly raised issue. 38 C.F.R. § 3.159(b)(3). As a consequence, VA is only required to advise the veteran of what is necessary to obtain the maximum benefit allowed by the evidence and the law. The November 2013 SOC informed the Veteran of what was necessary to achieve a higher rating for the service-connected disability at issue.

VA is also required to make reasonable efforts to help a claimant obtain evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c), (d). This "duty to assist" contemplates that VA will help a claimant obtain records relevant to a claim, whether or not the records are in Federal custody, and that VA will provide a medical examination or obtain an opinion when necessary to make a decision on the claim. 38 C.F.R. § 3.159(c)(4).
VA has obtained records of treatment reported by the Veteran, including service treatment records and records of VA treatment. The Veteran has not reported receiving any private treatment of the service-connected PTSD. Additionally, he was provided proper VA contract examinations to determine the severity of his PTSD in October 2013 and August 2015. 

VA has also complied with the June 2015 remand orders of the Board. In response to the Board's remand, additional VA treatment records were obtained and added to the record and a VA contract examination was performed in August 2015. The Veteran was also contacted in a July 2015 duty to assist letter and asked to identify all private physicians that have treated his PTSD. No response to this request was received. The case was then readjudicated in a September 2015 supplemental statement of the case (SSOC). Therefore, VA has complied with the remand orders of the Board. 

For the reasons set forth above, the Board finds that VA has complied with the VCAA's notification and assistance requirements. 


ORDER

Entitlement to an initial rating in excess of 70 percent for PTSD is denied.



____________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs