﻿Citation Nr: 18124193
Decision Date: 08/06/18 Archive Date: 08/06/18

DOCKET NO. 15-25 991
DATE: August 6, 2018
ORDER
A 50 percent rating for posttraumatic stress disorder (PTSD) is granted throughout the period on appeal. 
A rating in excess of 50 percent for PTSD is denied.
FINDING OF FACT
The Veteran’s PTSD was manifested by frequent nightmares, panic attacks of varying frequency, depressed mood, anxiety, impairment of short- and long-term memory, impaired judgment, irritability and anger, and difficulty in establishing and maintaining effective relationships with non-family members.
CONCLUSION OF LAW
Throughout the appeal, the criteria for a 50 percent disability rating, but no higher, for service-connected PTSD are met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.126, 4.130, Diagnostic Code 9411.
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran served on active duty in the United States Army from February 1966 to February 1969.
This matter is before the Board of Veterans’ Appeals (Board) on appeal from an October 2010 rating decision, which continued a 30 percent rating for the Veteran’s service-connected PTSD.
1. Entitlement to a rating in excess of 30 percent for PTSD
The Veteran seeks a disability rating in excess of 30 percent for PTSD for the period under appeal. 
The instant claim for increase was received in January 2010; therefore, the evaluation period begins in January 2009 (one year prior). However, as the record does not include evidence of worsening of the disability during the one year preceding the filing of the claim, consideration of an increase retroactive from the date of filing of the claim is not warranted. 
Disability ratings are determined by comparing a Veteran’s symptomatology during the pertinent period on appeal with criteria set forth in VA’s Schedule for Rating Disabilities, which is based on average impairment in earning capacity. 38 U.S.C. § 1155; 38 C.F.R. Part 4. When a question arises as to which of two ratings applies under a particular diagnostic code, the higher rating is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. Otherwise, the lower rating will be assigned. Id. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. Id. § 4.3.
The Board has reviewed all of the evidence in the Veteran’s claims file, with an emphasis on the evidence pertinent to the issue on appeal. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Indeed, the Federal Circuit has held that the Board must review the entire record, but does not have to discuss each piece of evidence. Gonzalez v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the Board’s analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim. 
The Veteran’s PTSD has been rated by applying the criteria in 38 C.F.R. § 4.130, Diagnostic Code (DC) 9411. This DC rates the psychiatric pathology under the VA Schedule rating formula for mental disorders.
The VA Schedule rating formula for mental disorders reads in pertinent part as follows:
50 percent - Occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g. retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships.
70 percent - Occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work like setting); inability to establish and maintain effective relationships.
A 100 percent schedular rating is warranted when the service-connected psychiatric symptomatology results in total occupational and social impairment.
When evaluating a mental disorder, the rating agency shall consider the frequency, severity, and duration of psychiatric symptoms, length of remissions, and the Veteran’s capacity for adjustment during periods of remission. 38 C.F.R. § 4.126(a). The rating agency shall assign a rating based on all the evidence of record that bears on occupational and social impairment rather than solely on the examiner’s assessment of the level of disability at the moment of the examination. Id. However, when evaluating the level of disability from a mental disorder, the rating agency will consider the extent of social impairment, but shall not assign a rating solely on the basis of social impairment. 38 C.F.R. § 4.126(b).
When determining the appropriate disability rating to assign, the Board’s primary consideration is a veteran’s symptoms, but it must also make findings as to how those symptoms impact a veteran’s occupational and social impairment. Vazquez-Claudio v. Shinseki, 713 F.3d 112 (Fed. Cir. 2013); Mauerhan v. Principi, 16 Vet. App. 436, (2002). Because the use of the term “such as” in the rating criteria demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, the Board need not find the presence of all, most, or even some, of the enumerated symptoms to award a specific rating. Id. at 442; see also Sellers v. Principi, 372 F.3d 1318 (Fed. Cir. 2004). Nevertheless, all ratings in the general rating formula are also associated with objectively observable symptomatology and the plain language of the regulation makes it clear that the veteran’s impairment must be “due to” those symptoms; a veteran may only qualify for a given disability rating by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration. Vazquez-Claudio, 713 F.3d at 118.
The Veteran has submitted lay evidence regarding the severity and frequency the panic attacks he experiences. In January 2010 he indicated that he “seem[s] to be having panic attacks that are lasting for days at a time” and in October 2011 his daughter stated that “[h]e has knocked down the blinds when we failed to unlock the door fast enough.” Additionally, in October 2011 his son-in-law submitted a statement describing a witnessed panic attack that lasted for several hours. The Veteran’s daughter and wife have reported that he does not have patience with his grandchildren, although he did with his own children when they were young.
In addition to panic attacks, the Veteran has submitted statements describing “night terrors” from which he “often wake[s] up feeling like the walls are caving in. Even though my wife tries to reassure me, I have to get out of bed. I start running until I can slow down to a walk, all the while crying hard. I feel like everything inside me is shaking.”
Finally, in October 2011 the Veteran stated “I have panic attacks more often (several times in a week); my medication has been increased; my mood has gotten worse; and I’m having more nightmares more often. I have a difficult time remembering small things, and more difficulty concentrating on tasks.” 
The medical evidence of record for the period under appeal is voluminous, and corroborates the Veteran’s statements about the severity and frequency of his symptoms, though they have varied over time. For instance, a VA examination in November 2006 states that the Veteran has difficulty sleeping, nightmares, “mild to moderate problems with remote memory,” difficulty concentrating, and that he had been experiencing frequent panic attacks until he found an effective medication. In addition to the kinds of symptoms described by the Veteran’s lay statements, the November 2006 examination indicates that the Veteran “does not engaged in social activities with non-family members” and “has no close friends.” 
In April 2010, the Veteran also reported that he took an early retirement in 2008 because he could not get along with co-workers or his supervisors. The Veteran reported attempts to find part-time work during the period on appeal to lessen financial burdens, but does not appear to have been successful. 
Although the November 2006 examination predates the period on appeal, the Board notes that its findings are representative of comments that are scattered throughout psychiatric treatment records during the period on appeal. Multiple places in the medical record throughout late 2009 and into mid-2011 reference complaints regarding panic attacks, nightmares, and trouble concentrating. 
Records from mid-2011, in particular, show increased anger and irritation. For instance, a record from April 2011 states “Judgment was very impaired, as was abstract thinking. Speech was circumlocutory and difficult to understand. He had difficulty restraining himself, was anxious, blurted out angry responses, then asked me to repeat the questions, to which he had reacted, without knowing what was asked. His motivation and mood were wildly disturbed...” 
The Board acknowledges that the Veteran appeared to experience a period of remission in symptoms, during which the frequency of nightmares and panic attacks decreased, and symptoms such as memory loss became less severe. The Veteran discussed those symptoms less frequently throughout 2012 and early 2013, and he generally reported that he was dong “fairly well” to providers. In an October 2012 examination, the examiner noted that the Veteran had gone hunting with friends and concluded “[j]udging by his active social life and full retirement, the patient’s PTSD is stable on medication.” 
However, the Veteran did begin to report increased irritability and nightmares again by July 2013, and in March 2014 the Veteran reported “low motivation, energy, poor concentration and irritable mood.” In November 2014, the Veteran reported he had been experiencing frequent panic attacks since developing a back condition, and had nightmares at least three times per week. Finally, in an October 2015 VA Disability Benefits Questionnaire, the examiner indicated that the veteran had “increased withdrawal/isolation, low motivation, dysthymia, panic attacks, memory loss – needs increasing supervision and assistance from wife,” as well as difficulty sleeping, irritability or outbursts of anger, difficulty concentrating, exaggerated startle response, impaired short and long term memory, anxiety, difficulty understanding complex commands, difficulty establishing and maintaining effective work and social relationships, and difficulty in adapting to stressful situations. 
Although the Veteran does appear to have experienced a period of remission during the period on appeal, affording the Veteran the benefit of the doubt, the Board finds that, when considered as a whole, his symptoms have most closely approximated the criteria for a 50 percent disability rating, but no higher, throughout the period on appeal. In particular, the Board finds this rating appropriate because of the evidence establishing impaired memory, difficulty maintaining relationships with anybody other than family (as evidenced by his lack of close friends), periods of irritability and anger, and long periods of time during which he experienced panic attacks and/or nightmares multiple times per week. 
However, the Board does not find that the Veteran meets the criteria for a 70 percent rating because, although there has been occasional reference to illogical or irrelevant speech, the record does not show that he has exhibited any other relevant symptoms such as suicidal or homicidal ideation, near-continuous panic, impaired impulse control, or neglect of personal appearance or hygiene.
Accordingly, the Board finds that the Veteran is entitled to a rating of 50 percent, but no higher, for the period on appeal. 

 
M. C. GRAHAM
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD C. Anderson, Associate Counsel