Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 180625-39
DATE: October 29, 2021

ORDER

Entitlement to a 30 percent rating for service-connected for insomnia is granted, subject to controlling regulations governing the payment of monetary awards.

Entitlement to a 30 percent rating for service-connected sinusitis is granted, subject to controlling regulations governing the payment of monetary awards.

FINDINGS OF FACT

1. The Veteran's insomnia has manifested with worsening fatigue, mild memory loss, and an occasional decrease in work performance; these symptoms have caused an occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation.

2. The Veteran's sinusitis symptoms have more nearly approximated more than six non-incapacitating episodes per year of sinusitis characterized by headaches, pain, and crusting. 

ONCLUSIONS OF LAW

1.The criteria for a 30 percent rating for insomnia have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.130, Diagnostic Code (DC) 9499-9440.

2. The criteria for a 30 percent rating for sinusitis have been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.14, 4.97, DC 6512.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1990 to July 2011. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with Department of Veterans Affairs (VA) decisions to seek review. The Veteran elected to participate in the Board's Early Applicability of Appeals Modernization research program, and this decision has been written consistent with the new AMA framework.

In July 2018, the Veteran testified at a Board videoconference hearing before a Veterans Law Judge (VLJ). A transcript of that hearing has been associated with the claims file. 

In a January 2019 decision, the Board of Veterans' Appeals (Board) denied the appellant's increased rating claims for insomnia and sinusitis. The Veteran timely appealed that decision to the United States Court of Appeals for Veterans Claims (Court).

In an April 2020 Order, the Court granted the parties' Joint Motion for Partial Remand (JMPR), partially vacated the January 2019 Board decision, and remanded the matters to the Board for readjudication consistent with the JMPR.

In September 2020, the Board denied ratings in excess of 10 percent for the Veteran's insomnia and sinusitis. In March 2021, the Court granted the parties' Joint Motion for Remand (JMR), vacated the September 2020 Board decision, and remanded the matters to the Board for readjudication consistent with the JMR.

Increased Rating

Disability ratings are determined by the application of VA's Schedule for Rating Disabilities, which is based on average impairment of earning capacity resulting from a service-connected disability. 38 U.S.C. § 1155; 38 C.F.R. Part 4. Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3.

The Veteran's entire history is to be considered when assigning disability ratings. 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). A claimant may experience multiple distinct degrees of disability that may result in different levels of compensation from the time the increased rating claim was filed until a final decision is made. Hart v. Mansfield, 21 Vet. App. 505 (2007). The following analysis is undertaken with consideration of the possibility that different ratings may be warranted for different time periods.

The rating of the same disability under various diagnoses is to be avoided. 38 C.F.R. § 4.14. That does not preclude the assignment of separate ratings for separate and distinct symptomatology where none of the symptomatology justifying a rating under one diagnostic code is duplicative of or overlapping with the symptomatology justifying a rating under another diagnostic code. Esteban v. Brown, 6 Vet. App. 259 (1994).

1. Entitlement to an increased rating for insomnia

The Veteran's insomnia is rated under 38 C.F.R. § 4.130, General Rating Formula for Mental Disorders (General Rating Formula), DC 9499-9440. The Veteran currently is rated at 10 percent disabled for his insomnia. On October 5, 2017, VA received the Veteran's increased rating claim.

Under the General Rating Formula, a 10 percent rating is warranted when there is occupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or symptoms controlled by continuous medication.

A 30 percent rating is warranted when there is occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, mild memory loss (such as forgetting names, directions, recent events).

A 50 percent rating is assigned for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships. 

A 70 percent rating is assigned for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affected the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); and inability to establish and maintain effective relationships. 

A 100 percent rating is assigned for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. 38 C.F.R. § 4.130, General Rating Formula for Mental Disorders. 

The symptoms listed in the rating formula are only examples, and evidence of those specific symptoms is not required to show that the Veteran is totally disabled. In rating a mental disability, VA is required to consider all symptoms that affect social and occupational functioning, and not limit consideration to those symptoms listed in the rating formula. Mauerhan v. Principi, 16 Vet. App. 436 (2002). The primary consideration is whether the manifestations of the service-connected psychiatric disability result in a level of social and occupational impairment, regardless of whether the Veteran demonstrates the specific symptoms listed in the rating formula.

Under the General Rating Formula, the Board must conduct a "holistic analysis" that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013). 

The list of symptoms under the rating criteria are meant to be examples of symptoms that would warrant the rating, but are not meant to be exhaustive, and the Board need not find all or even some of the symptoms to award a specific rating. On the other hand, if the evidence shows that the Veteran suffers symptoms or effects that cause occupational or social impairment equivalent to what would be caused by the symptoms listed in the diagnostic code, the appropriate equivalent rating will be assigned. Sellers v. Principi, 372 F.3d 1318, 1326 (Fed. Cir. 2004); Mauerhan v. Principi, 16 Vet. App. 436, 442-43 (2002).

Turning to the evidence of record, the Veteran underwent VA examination in December 2017. He stated that his insomnia caused him to get angrier quickly, and that he was increasingly anxious and frustrated. He said he has a "short fuse" and gets frustrated by his dog's behavior as well as his co-workers. He reported sleeping trouble; and sleeps about five hours a night. The Veteran exhibited normal judgment, speech, attention, concentration, and memory. His thoughts were logical, and there was no evidence of hallucinations. The examiner stated that "a mental condition has been formally diagnosed, but symptoms are not severe enough either to interfere with occupational and social functioning or to require continuous medication." 

At his July 2018 Board hearing, the Veteran indicated that his insomnia symptoms were worse than noted by the December 2017 VA examiner. The Veteran testified that he became angry and frustrated over minor events around two to four times a day, and that it affects his relationship with his family. He also reported that his anger and frustration effects his work, and he frequently withdraws from co-workers, secluding himself in his office room or going outside. The Veteran also indicated that he has issues with memory and has become more forgetful, including forgetting the names of people who he has known for a long time. The Veteran's wife noted his sleep troubles, indicating that he sleeps four to five hours a night. She testified that he withdraws from crowds, and is no longer communicating with his brother and his best friend. She also stated that he gets irritated over minor things such as finding items placed in the wrong place. She sometimes separates the children from him when he becomes angry, which causes even more resentment. The Veteran's wife reported that he admitted not wanting to attend their son's sports events because he may become upset and that he was constantly forgetting friends' names and how to get to their homes, as well as places where he had lived in the past. 

Considering the pertinent evidence in light of the applicable rating criteria and considerations, the Board finds that, for the following reasons, the symptoms of the Veteran's insomnia have resulted in an occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks warranting a 30 percent rating.

The VA examination report shows that the Veteran was appropriately dressed and appeared to have good hygiene, and with normal speech, thought process, and memory. The only symptom noted was a chronic sleep impairment. However, the Veteran indicated worsening fatigue and occasional decrease in work performance.

Notably, the evidence from the Board hearing testimony indicates that the Veteran's sleep and fatigue has worsened, and he has become increasingly irritated and anxious. He has stopped talking to his brother and his best friend, and his anger has caused him to become more distant from his family and co-workers. The Veteran has also experienced mild memory loss, forgetting the names of people who he has known for a long time and the directions to their houses. 

Thus, the Veteran's symptoms more closely approximated the symptoms associated with a 30 percent rating, and resulted in a level of impairment that most closely approximated the level of impairment associated with a 30 percent rating. As the evidence indicates that the insomnia manifested with a chronic sleep impairment, fatigue, occasional decrease in work performance due to fatigue, anxiety, and memory loss, the symptoms and overall impairment caused by the Veteran's insomnia more nearly approximates the criteria for a 30 rating. Thus, the Board finds a 30 percent rating is warranted. However, a rating higher than 30 percent is not warranted as the evidence does not show occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships. 

2. Entitlement to an increased rating for sinusitis 

The Veteran's sinusitis is rated under DC 6512. That diagnostic code is applicable to front sinusitis is to be rated under the General Rating Formula for Sinusitis. The General Rating Formula for Sinusitis provides that a 30 percent rating is assigned for three or more incapacitating episodes per year of sinusitis requiring prolonged (lasting four to six weeks) antibiotic treatment, or; more than six non-incapacitating episodes per year of sinusitis characterized by headaches, pain, and purulent discharge or crusting. 

A 50 percent rating is assigned following radical surgery with chronic osteomyelitis, or near constant sinusitis characterized by headaches, pain and tenderness of affected sinus, and purulent discharge or crusting after repeated surgeries. 

A Note to the General Rating Formula for Sinusitis provides that an incapacitating episode of sinusitis means an episode that requires bed rest and treatment by a physician. 38 C.F.R. § 4.97. 

The Veteran is currently rated as 10 percent disabling. He contends that his symptoms of sinusitis warrant a higher rating.

Turning to the relevant evidence of record, in the December 2017 VA examination report, the examiner noted the Veteran's sinusitis, but found they were not affected by his chronic sinusitis. The examiner stated that the Veteran did not have any non-incapacitating episodes of sinusitis characterized by headaches, pain, and purulent discharge/crusting in the past 12 months. He did not have any incapacitating episodes of sinusitis requiring prolonged antibiotics treatment in the past 12 months. Imaging revealed grossly normal sinuses with no air fluid levels, and soft tissues were within normal limits. 

At the July 2018 Board hearing, the Veteran testified that he was experiencing sinus symptoms daily, and that he often had nosebleeds due to frequent blowing. He reported daily headaches, as well as crusting, and said that he takes 2000 milligrams of Tylenol daily to alleviate his headaches. He stated that he never missed work, but his wife said there are times that he probably should have missed a few times.

In December 2020, the Veteran underwent VA headaches examination. The examiner stated the Veteran's migraine headaches have worsened in severity, noting that they cause him pulsating/throbbing head pain, with pressure to his eyes and sinus cavity. 

In the March 2021 JMR, the Court noted that the Veteran reported "blow[ing] his nose constantly, his regular sinus headaches, and crusting on the nose" among having other symptoms related to his sinusitis. In addition, the Court alluded to the fact that the Veteran's reported symptoms related to his sinusitis may have met the frequency requirement of more than six non-incapacitating episodes a year. 

Upon further review of the relevant medical and lay evidence of record, the Board finds that the Veteran had more than six than six non-incapacitating episodes per year of sinusitis characterized by headaches, pain, and purulent discharge or crusting. While the December 2017 VA examiner reported that the Veteran did not have non-incapacitating episodes of sinusitis, the Court's most recent JMR stated that this could not alone be the basis for the denial of a higher rating, given the Veteran's competent lay statements regarding his frequent headaches, constant crusting. In addition, the Veteran's testimony at the July 2018 Board hearing indicates that his daily headaches related to sinusitis necessitates a daily intake of 2000 milligrams of Tylenol. Notably, the December 2020 VA headaches examiner indicated that the Veteran's headaches relate to his sinusitis and have caused throbbing head pain. Reading the medical and lay evidence as a whole, the Board finds that there is sufficient evidence that the frequency of non-incapacitating sinusitis episodes has occurred more than 6 times per year to warrant a 30 percent rating for sinusitis. 

(Continued on the next page)

 

However, a 50 percent rating is not warranted as the evidence of record does not show that the Veteran had osteomyelitis following radical surgery or; near constant sinusitis characterized by headaches, pain, and tenderness of affected sinus, and purulent discharge or crusting after repeated surgeries, as required in the criteria for a higher, 50 percent rating. 38 C.F.R. § 4.97, DC 6512. Thus, a rating of 50 percent is not warranted.

 

 

K. Parakkal

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Kovacs, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.